IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3083 |
| | ) | |
| v. | ) | |
| | ) | FINDINGS, RECOMMENDATION, |
| GLENN A. WOODARD, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

The indictment herein alleges the defendant violated 18 U.S.C. § 3146(a)(1) as follows:

> On or about October 20, 2009, in the District of Nebraska, the Defendant, GLENN A. WOODARD, after a finding by the Court on July 10, 2009, that GLENN A. WOODARD had violated terms of his supervised release in the United States District Court for the District of Nebraska, in case number 4:98CR3100, captioned United States v. Glenn A. Woodard, and after GLENN A. WOODARD had been directed by the Court to return to court for disposition on October 20, 2009, GLENN A. WOODARD did knowingly and wilfully fail to appear as required by his conditions of release, pursuant to Chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charges.

Filing No. 1.

The defendant moves to dismiss this indictment because "it is multiplicitous to proceedings in 4:98CR3100, which were concluded before this Court on May 28, 2010." (Filing No. 22). The defendant claims he was already sentenced for the crime charged, and his Fifth Amendment right against double jeopardy will be violated if he is prosecuted and sentenced a second time for the same criminal act. (Filing No. 22). The defendant, acting *pro se*,[1] also moves to dismiss the indictment because "it is clear by the facts of law and the

---

[1] The defendant requested the appointment of new counsel, arguing his current counsel refused to advance the defendant's theories for dismissal. He reasserts these claims in his *pro se* motion to dismiss. Defendant's claims for dismissal, asserted through counsel and *pro se*, are fully

established court record that the petitioner was never released under Chapter 207, the Bail Reform Act, and could not have violated 18 U.S.C. § 1346." (Filing No. 30). For the reasons discussed herein, the defendant's motions should be denied.

STATEMENT OF FACTS

In <u>United States v. Glenn A. Woodard</u>, 4:98CR3100, the defendant was convicted of aiding and abetting a bank robbery in violation of 18 U.S.C. 2 & 2113(a)), and aiding and abetting the use of a firearm during a crime of violence in violation of 18 U.S.C. 2 & 924(c)(1)). He was sentenced to 130 months in prison and three years of supervised release. After serving his prison term, he was released to supervision beginning June 12, 2008. (4:98CR3100, filing no. 89).

A Petition for Offender under Supervision was filed on April 1, 2009. The petition alleged that on March 19, 2009, the defendant possessed marijuana in violation of Nebraska law and the conditions of his supervised release, and associated with a known felon, LaWayne Nockai, in violation of the conditions of his supervised release. (4:98CR3100, filing no. 89). The defendant admitted these charges. At defendant's request, his final revocation hearing was set for October 20, 2009. The defendant was released pending that hearing. (4:98CR3100, Text Minute Entry 97).

On October 19, 2009, a second Petition for Offender under Supervision was filed. The second petition alleged the supervising officer had heard the defendant moved to Mexico City, Mexico sometime between October 3, 2009 and October 6, 2009; the defendant failed to report his address change as required under the terms of his supervision and failed to

---

considered and addressed herein, and his request for new counsel has been and remains denied.

submit to scheduled urinalysis testing on October 14, 2009 as directed; and the defendant's current whereabouts were unknown. (4:98CR3100, filing no. 99). A warrant was issued for defendant's arrest. (4:98CR3100, filing no. 100).

On October 20, 2009, the final revocation hearing on the first Petition for Offender under Supervision was convened. The defendant failed to appear. (4:98CR3100, text minute entry 101, filing no. 102).

On April 29, 2010, the defendant was arrested pursuant to the Nebraska warrant issued on October 19, 2009. He was removed from Illinois to the U.S. District Court for the District of Nebraska at Lincoln in the custody of the U.S. Marshal. (4:98CR3100, filing no. 103-2).

The final revocation hearing on the Petition for Offender under Supervision and the initial appearance on the Second Petition for Offender under Supervision were scheduled for May 27, 2010. (4:98CR3100, text order 104). At the hearing, the government dismissed the Second Petition for Offender under Supervision (4:98CR3100, filing no. 99) without prejudice, explaining it was contemplating a second criminal indictment based on the facts underlying that petition. (4:98CR3100, filing no. 108, (audio file)).

Judge Kopf proceeded with sentencing the defendant on the first Petition for Offender under Supervision. Acknowledging the guideline range for the offense was three to nine months, he imposed the statutory maximum sentence of 24 months in prison with no supervised release to follow. Judge Kopf explained the court's record established the defendant failed to appear as ordered on October 20, 2010 with no explanation for his absence, (4:98CR3100, filing no. 109), and deviating from the guidelines was warranted because "the conduct requiring revocation is associated with a high risk of new felonious

-3-

conduct and because the defendant failed to appear for sentencing." (4:98CR3100, filing no. 110).

The indictment in this case was filed on August 18, 2011, alleging the defendant violated 18 U.S.C. § 3146(a)(1) by failing to appear at the supervised release revocation hearing scheduled for October 20, 2010 in case number 4:98CR3100.

LEGAL ANALYSIS

The defendant claims the indictment must be dismissed under the Double Jeopardy Clause. The Double Jeopardy Clause protects against: 1) a second prosecution for the same offense after acquittal, 2) a second prosecution for the same offense after conviction, and 3) multiple punishments for the same offense. Justices of Boston Mun. Court v. Lydon, 466 U.S. 294 (1984). The Second Petition for Violation of Supervised Release, which alleged the defendant violated the terms of his supervised release by failing to appear at his scheduled sentencing on the first petition, was dismissed by the government. Therefore, the defendant cannot claim he was previously acquitted or convicted on the charges of failure to appear. As applied to defendant's case, the double jeopardy issue is whether the current indictment will "lead to the imposition of multiple punishments for the same crime, violating the double jeopardy clause of the fifth amendment." U.S. v. Jones, 403 F.3d 604, 606 (8th Cir. 2005).

The defendant claims that if he is convicted on the present indictment, he will face the risk of multiple punishments for the same conduct because his sentence on the first Petition (alleging unlawful possession of marijuana and association with a convicted felon) was enhanced due to his history of failing to appear at sentencing. The Eighth Circuit has rejected the defendant's argument. U.S. v. Morse, 613 F.3d 787, 796 (8th Cir. 2010).

In Morse, the court held a defendant indicted for evading taxes in 1996 and 1997 was not subjected to multiple punishments in violation of the double jeopardy clause even though his 1996 and 1997 tax evasion had also provided the basis for enhancing defendant's sentence on a prior 1991 through 1994 tax evasion conviction. Morse explained:

> "Relevant conduct which has been considered in a prior sentencing can be a basis for subsequent prosecution without violating the double jeopardy clause so long as the earlier sentence was within the statutory or legislatively authorized punishment range." United States v. Abboud, 273 F.3d 763, 766 (8th Cir. 2001). As long as the sentence previously imposed was within the authorized statutory limits for that earlier crime, enhancing a sentence for a separate crime with the same conduct does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause. Witte v. United States, 515 U.S. 389, 398-99, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

Morse, 613 F.3d at 796.

Although the Woodard's failure to appear on October 20, 2010 was used to enhance defendant's sentence on the Petition for Violation of Supervised Release, the sentence did not exceed the authorized 24-month statutory limit for the offenses charged. Accordingly, the government's later indictment of the defendant under 18 U.S.C. § 3146(a)(1) does not pose a risk of multiple punishments in violation of the Fifth Amendment. "[T]he Double Jeopardy Clause does not prohibit a subsequent conviction and sentence for failure to appear in violation of 18 U.S.C. § 3146, when [the defendant] has already received an enhanced sentence . . . for his failure to appear in an underlying . . . charge." U.S. v. Bolding, 972 F.2d 184 (8th Cir. 1992).

The defendant, acting *pro se*, further claims he cannot be charged under 18 U.S.C. § 3146(a) because "the primary condition of a violation under this statute that a defendant had been detained and released" is not applicable to him. Filing No. 30. The defendant claims

he was not released from custody under Title 18, Chapter 207, and therefore cannot be convicted for failure to appear under 18 U.S.C. § 3146(a). Filing No. 30.

An indictment is sufficient if it includes the elements of the offense, provides adequate notice of the charge, and enables the defendant to plead double jeopardy as a bar to further prosecution. Hamling v. United States, 418 U.S. 87 (1974); U.S. v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009); United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002); United States v. Diaz-Diaz, 135 F.3d 572, 575-76 (8th Cir. 1998). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." Hernandez, 299 F.3d at 992.

The indictment against Woodard alleges that on July 10, 2009, the court found the defendant had violated the terms of his supervised release and ordered the defendant to return on October 20, 2010 for final disposition, but the defendant knowingly and wilfully failed to appear as required by his conditions of release. The defendant was released pending disposition in accordance with 18 U.S.C. § 3143(a). U.S. v. Loya, 23 F.3d 1529, 1531 (9th Cir. 1994) (explaining an offender's eligibility for release pending his revocation hearing is governed by 18 U.S.C. § 3143). The indictment alleges the elements of failing to appear in violation of 18 U.S.C. § 3146(a)(1). Defendant's *pro se* motion to dismiss for alleged deficiencies in the indictment should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Court Judge, that the defendant's motions to dismiss, (filing nos. 22 and 30), be denied.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS ORDERED that the trial of this case is set to commence before the Honorable Richard G. Kopf at 9:00 a.m. on March 14, 2011, or as soon thereafter as the case may be called, for a duration of three (3) trial days, in Courtroom 1, United States Courthouse, Lincoln, Nebraska. Jury selection will be held at commencement of trial.

DATED this 10th day of February, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.