IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3083 |
| | ) | |
| v. | ) | |
| | ) | FINDINGS, RECOMMENDATION, |
| GLENN A. WOODARD, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

The defendant has retained new counsel. On defendant's behalf, his new counsel has re-filed a motion to dismiss to fully present a theory of dismissal previously submitted in defendant's *pro se* motion to dismiss. Specifically, the defendant claims he cannot be indicted for violating 18 U.S.C. 3146 because he was never "released" under Title 18, Chapter 207 (the Bail Reform Act, 18 U.S.C. §§ 3141 et. seq). The matter has been briefed by the parties, and was fully submitted for court review on March 21, 2011. For the purposes of this motion, the filings of record with the court provide the factual basis for defendant's motion, and an evidentiary hearing is unnecessary. For the reasons described below, I recommend that the motion to dismiss be denied.

STATEMENT OF FACTS

The underlying facts were outlined in the previous findings and recommendation, (filing no. 32) on defendant's motion to dismiss. Summarized for brevity, on April 1, 2009, a Petition was filed which alleged the defendant violated the terms of his supervised release by possessing marijuana and associating with a known felon. (4:98CR3100, filing no. 89). The defendant was summoned to appear at the initial appearance on the Petition, which was held before Magistrate Judge David L. Piester on April 16, 2009. At the initial appearance,

the government did not request detention, but suggested the defendant be released subject to the conditions of his supervised release. The defendant did not oppose this suggestion. By order of Judge Piester, the defendant was released pending his supervised release revocation hearing before Judge Kopf. (Filing No. 93 (audio file)).

At the revocation hearing held before Judge Kopf on July 10, 2009, the defendant admitted allegations 2 and 3 of the Petition. The defendant was again released subject to the terms of his supervised release, with his final revocation hearing delayed until October 20, 2009 to allow the defendant to attend and complete a cognitive thinking program. (4:98CR3100, Text Minute Entry 97; filing no. 98 (audio file)).

The defendant failed to appear at the final revocation hearing, and a warrant was issued for his arrest. The defendant was arrested in Illinois on April 29, 2010, and was returned to Nebraska in the custody of the U.S. Marshal.

The defendant was indicted in this case on August 18, 2010. The indictment alleges the defendant violated 18 U.S.C. § 3146(a)(1) by knowingly and wilfully failing to appear at the October 20, 2009 final revocation hearing (in case number 4:98CR3100) as required by conditions of release imposed pursuant to Title 18, Chapter 207 of the United States Code.

## LEGAL ANALYSIS

To convict defendant for failure to appear, the government must prove the defendant (1) was released pursuant to Title 18, Chapter 207, (2) was required to appear in court, (3) knew that he was required to appear, (4) failed to appear as required, and (5) was willful in his failure to appear. U.S. v. Fisher, 137 F.3d 1158, 1162 (9th Cir. 1998); 18 U.S.C.A. §

3146. The defendant challenges the first of these elements. He claims he was never in custody and therefore was never "released" pursuant to the Bail Reform act.

18 U.S.C.A § 3146 (a) applies to those who have "been released under this chapter," i.e., the Bail Reform Act. Section 3146(a) does not state a defendant must have "been released [from custody] under" the Bail Reform Act.

Therefore, the question is whether the defendant was released by the court pending his revocation proceedings pursuant to the terms of the Bail Reform Act. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, if an offender appears before the court on a petition alleging violations of supervised release, "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1 (a)(6). This provision applies to not only those "held in custody for violating probation or supervised release," (Fed. R. Crim. P. 32.1 (a)(1)), but also offenders appearing "in response to a summons," (Fed. R. Crim. P. 32.1 (a)(1)).

The language of Rule 32.1 (a)(6) was "designed to end confusion regarding the applicability of 18 U.S.C.A § 3143(a) to release or detention decisions involving persons on probation or supervised release, and to clarify the burden of proof in such proceedings." Fed. R. Crim. P. 32.1, Advisory Committee Notes (2010 Amendments). Confusion arose because based on the language of § 3143(a) of the Bail Reform Act, it appeared the Act was inapplicable to proceedings involving the revocation of probation or supervised release. Nonetheless, even prior to amending Rule 32.1, the courts applied the Bail Reform Act when determining if an offender should be released or detained pending further revocation proceedings. See United States v. Loya, 23 F.3d 1529, 1531 (9th Cir.1994) ("... we hold that if a defendant moves for bail pending his or her revocation hearing, the district court shall determine the person's eligibility for release under the standards of release set forth in 18

U.S.C. § 3143."). See also, U.S. v. Prescott, 360 Fed.Appx. 209, 210, 2010 WL 93151, 1 (2d Cir. 2010); U.S. v. Smith, 500 F.3d 27 (1st Cir. 2007); United States v. Mincey, 482 F. Supp. 2d 161 (D. Mass. 2007); U.S. v. Garner, 478 F.Supp. 1 (W.D. Tenn. 1979).

Rule 32.1 now codifies the prevailing pre-amendment law. Specifically, the release of any person appearing before the court on a Petition for Offender Under Supervision, whether by arrest or summons, is governed by and determined under § 3143(a)(1) of the Bail Reform Act.

At the conclusion of the initial appearance hearing held on April 16, 2009, Judge Piester released the defendant pending his supervised release revocation hearing before Judge Kopf. Although Judge Piester did not specifically state the release was ordered pursuant to the terms of the Bail Reform Act, and he made no explicit findings regarding risk of flight or danger to the community, the defendant was nonetheless released pursuant to the terms of the Bail Reform Act. U.S. v. Williard, 726 F.Supp. 590, 593 (E.D.Pa. 1989). At the close of the initial revocation hearing, Judge Kopf released the defendant pending sentencing on the violations of supervised released. The defendant's continued release was governed by the Bail Reform Act irrespective of whether Judge Kopf specifically stated as such at the initial revocation hearing. U.S. v. McGill, 604 F.2d 1252, 1255 (9th Cir. 1979).

Accordingly, the evidence of record supports a finding that defendant was "released under" the Bail Reform Act prior to the final supervised release revocation hearing scheduled for October 20, 2009 in United States of America v. Woodard, 4:98CR3100 (U.S. Dist. Ct. Ne.). The defendant's re-asserted motion to dismiss, (filing no. 41) should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Court Judge, that the defendant's motion to dismiss, (filing no. 41), be denied.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS ORDERED that the trial of this case is set to commence before the Honorable Richard G. Kopf at 9:00 a.m. on May 31, 2011, or as soon thereafter as the case may be called, for a duration of three (3) trial days, in Courtroom 1, United States Courthouse, Lincoln, Nebraska. Jury selection will be held at commencement of trial.

DATED this 19th day of April, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.